# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-167-RJC-DCK

| | |
|---|---|
| ADRIANNA ESTHER BLACKWELL, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| GARRY L. MCFADDEN, et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Consent Protective Order To Authorize Release Of State Bureau Of Investigation File" (Document No. 63) filed December 19, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Consent Protective Order as follows.

## CONSENT PROTECTIVE ORDER REGARDING
## STATE BUREAU OF INVESTIGATION FILE

Plaintiff Adrianna Esther Blackwell, Defendants Garry L. Mcfadden, Dwight Dwayne Weller, Tiffany Parker Williams, Akeem Dwayne Comas, Henrietta Saunders, Samuel Page, Angie Webster, Charles Moore, Tammy Guess, along with the North Carolina State Bureau of Investigation (hereinafter "SBI"), through counsel, stipulate to the entry of this Protective Order allowing the release of SBI Investigative File No. 2020-03323 (1120), regarding the death of a juvenile inmate, D.W., at the Mecklenburg County Detention Facility on November 21, 2020, that is the subject of this lawsuit.

Counsel for Plaintiff, Defendants, and the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

1. Plaintiff's counsel reviewed the file at the SBI office in Raleigh before filing suit and referred to its content in the pleading.

2. Responsive pleadings have been filed.

3. The SBI report referred to in the pleadings appears material and relevant to the subject matter involved in this matter.

4. The parties seek the release of the SBI investigation report in this matter for the parties' use in the lawsuit and at mediation.

5. This order governs the handling and disclosure of all materials from the SBI Report, once produced, that are used in the litigation or filed with the Court by any party to this action.

6. Definitions.

    a. "SBI Report" refers to the documents and other materials contained in SBI File No. 2020-03323 (1120) including any related laboratory reports and findings and any photographs or videos related to the investigation into the death of D.W.

    b. "Document" means any writing, drawing, graph, chart, recording, and any other document as defined in Rule 34 of the Federal Rules of Civil Procedure.

    c. Parties mean the Plaintiffs and any Defendant in this action.

7. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to Plaintiffs' request for the following reasons:

    a. No policy reason exists for denial of the request of Plaintiff for production of these materials.

b. There is no prejudice to the SBI by releasing this material.

c. There are no identities of persons contained in the materials which need to be protected; and

8. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used *for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.*

9. Access to and the use of the SBI Report and any part of it shall be limited to the following qualified persons/entities:

a. The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Experts, including retained experts (Fed. R. Civ. P. 26(a)(2)(A),(B)) and non-retained experts (Fed. R. Civ. P. 26(a)(2)(C));

e. Non-testifying Consultants. See Fed. R. Civ. P. 26(b)(4)(D);

f. Court reporters, their transcribers, assistants and employees;

3

g. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

h. Any presiding judge at any court proceeding and any jurors sworn as the triers of fact.

10. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

11. Counsel may make copies of material contained within the SBI Report for Plaintiffs' or Defendants' experts upon receiving from said experts ***a written agreement*** that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiffs' or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

12. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to

the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

13. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

14. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

15. No material and documents contained within the SBI Report may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order pursuant to LCvR 6.1( Sealed Filings and Public Access). A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed under the designation "Motion to Seal." The motion must set forth:

    (1) A non-confidential description of the material sought to be sealed;

    (2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

    (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

    (4) Supporting statutes, case law, or other authority. To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

16. After entry of an order permitting a filing under seal, materials filed pursuant to that order must be filed with a non-confidential description of the materials filed. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order.

17. After the final disposition of this action, including the conclusion of any and all appeals, the Clerk of Court may provide access to documents and cases under Court seal only pursuant to Court order.

18. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

19. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI of any claim of confidentiality, and the production of such materials or documents may or may not be admissible into evidence at the trial of this action  The parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and  Federal Rules of Civil Procedure.

20. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege or as attorney work product materials.

21. If some of the information released pursuant to this Protective Order contains confidential personnel information under state law, the affected party shall notify all other parties and such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

22. All original and copies of the SBI Report shall be returned to the SBI at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order. In lieu of returning all copies to the SBI, counsel will certify that all copies have been destroyed except for one copy, which is to be retained in compliance with a malpractice carrier's record retention policy and in compliance with the North Carolina State Bar.

23. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**SO ORDERED**.

Signed: December 19, 2023

David C. Keesler
United States Magistrate Judge

7

Case 3:22-cv-00167-RJC-DCK   Document 64   Filed 12/19/23   Page 7 of 8

**CONSENTED TO BY:**

*/s/ Leslie Cooley Dismukes*
Leslie Cooley Dismukes
N.C. Bar No. 33871
407 Polk Street
Raleigh, NC 27604
ldismukes@ncdoj.gov
*Of Counsel, North Carolina State Bureau of Investigation*


*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
*Counsel for Plaintiffs*

*Counsel for Defendants*

| **/s/Jake W. Stewart** <br> **Jake Stewart** <br> **N.C. State Bar No.: 51157** <br> **CRANFILL SUMNER LLP** <br> **P.O. Box 30787** <br> **Charlotte, NC 28230** <br> **Email: jstewart@cshlaw.com** <br> *Attorneys for Defendants Samuel Page, Angie Webster, and Liberty Mutual Insurance* | **/s/ Sean F. Perrin** <br> **Sean F. Perrin** <br> **N.C. State Bar No.: 22253Womble Bond Dickinson, LLP** <br> **301 S. College St., Suite 3500** <br> **Charlotte, NC 28202** <br> **Email: sean.perrin@wbd-us.com** <br> *Attorney for Defendants Garry L. McFadden, Dwight Dwayne Weller, Tiffany Parker Williams, Akeem Dwayne Comas, Henrietta Saunders, and Platte River Insurance Company* |
|---|---|
| **/s/ Ann C. Rowe** <br> **Ann C. Rowe** <br> **N.C. State Bar No.: 26686** <br> **DAVIS & HAMRICK, L.L.P.** <br> **P.O. Drawer20039** <br> **Winston-Salem, NC 27120-0039** <br> **Telephone: (336) 725-8385, ext. 116** <br> **Facsimile: (336)723-8838** <br> **E-mail: arowe@davisandhamrick.com** <br> *Attorney for Defendants Charles Moore and Tammy Guess* ||