# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-167-RJC-DCK

| ADRIANNA ESTHER BLACKWELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| GARRY L. MCFADDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Protective Order" (Document No. 67) filed February 6, 2024. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Consent Protective Order as follows.

Pursuant to Fed.R.Civ.P. 26(c), the parties to this action by and through their respective counsel have represented to this Court, and this Court finds that:

A. The parties anticipate the need for discovery involving the production and disclosure of documents, data and other materials, and information, the answering of interrogatories and requests for admission, and taking of testimony by oral deposition.

B. The parties recognize that the scope of discovery will encompass the production of documents that may contain sensitive and confidential information of a non-public nature (hereinafter referred to as "Confidential Matter"), that may be subject to discovery in this action. The designation of information as "Confidential Matter" does not create any presumption for or against that treatment.

C. Confidential information at issue in this action may reflect the medical, psychological, and behavioral conditions of persons. Private health information which is or may be confidential pursuant to the provisions of the Health Information Portability and Accountability Act ("HIPAA") (codified at 42 U.S.C. § 1320d-d8), 45 C.F.R. Chapter 164E (Privacy of Individually Identifiable Health Information),§ 394.4615(1) may be revealed as relevant discovery in this action.

D. Documents and information have been and will be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C.G.S. §153A-98.

Accordingly, the parties have requested entry of this Protective Order, and this Court finds good cause for entry of this Protective Order. **IT IS, THEREFORE, ORDERED** that:

1. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever produced by the Responding Party pursuant to production request, subpoena, or agreement. The word "party" or "parties" means the parties to this agreement. The word "attorney" means the parties' attorneys and attorneys' staffs. Documents specifically protected in this order will include:

    i. Protected health information;

    ii. Security Numbers and Driver's License Numbers;

    iii. Law Enforcement personnel information exempted from public records under N.C.G.S. §153A-98.

2

2. Personnel information is information that concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, job performance, disciplinary actions, and termination of employment wherever located and in whatever form, but expressly excludes any of the following: the employee's home residence, the identity of family members, insurance and benefits, medical history, social security number, and financial information. Personnel information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings depicting employees on the job, (d) Internal Affairs investigative files and the information contained therein, and (e) any other similar documents.

3. This Order governs all discovery material designated as "Confidential Matter," including all copies and excerpts or notes thereof. All Confidential Matter shall be used only for purposes of prosecuting or defending this action, including any and all motions such as motions for summary judgment and preparation for trial in this case and not for any other litigation or business purposes and shall be disclosed only in accordance with the terms of this Order. This Order does not cover materials disclosed in other litigation where that material was not subject to a protective order or other limitation on its use or dissemination (e.g., an agreement by the parties that the material is for "counsel's eyes only.")

4. The attorneys in this action shall not disclose documents or parts of documents designated as Confidential Matter except to the following persons:

   a. the parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents;

officers, manager, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. employees of counsel for the attorneys who are employed in connection with preparation for and trial of this litigation;

c. a deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

d. Mediators;

e. experts or consultants (including retained experts (Fed.R.Civ.P. 26(a)(2)(A), (B)) and non-retained experts (Fed.R.Civ.P. 26(a)(2)(C)) retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

f. Non-testifying Consultants. See Fed.R.Civ.P. 26(b)(4)(D);

g. Court reporters, their transcribers, assistants and employees;

h. any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case;

i. this Court and court personnel, *in camera,* under seal, as necessary in support of motions, pleadings, and other court papers and proceedings, provided that

Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from this Court of the Confidential Matter; and

j. jurors at any Trial of this matter.

5. Before disclosing Confidential Matter to any other person enumerated in paragraph 4(b), (e), and (f), the attorney must first inform each such person that the documents containing Confidential Matter to be disclosed are confidential, are to be held in confidence, are to be used solely for the purpose of preparing for this litigation, and further that these restrictions are imposed by a court order. In addition, the attorney in this action shall obtain from each person reviewing the Confidential Matter under the authority granted in paragraph 4(b), (e), and (f) an affidavit in the form affixed hereto as Exhibit "A." Copies of such signed affidavits shall be maintained by the attorney. This responsibility is binding on all counsel.

6. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their staff, co-counsel, experts, consultants and others. Unless otherwise retrieved from this District Court, after the expiration of 45 days following such final termination, any Confidential Matter that has been filed in this action under seal shall be unsealed and treated in the ordinary course of the business of the Clerk of Court.

7. Nothing in this Order shall be construed to limit the ability of the attorney to disclose publicly to other persons any documents from which the confidential information has been redacted or to disclose publicly statistical and other information compiled or deduced from these files if the confidential information is not revealed or otherwise compromised by the

5

Case 3:22-cv-00167-RJC-DCK   Document 69   Filed 02/07/24   Page 5 of 9

disclosure. It shall be the obligation of the attorney disclosing such documents or information to make such redactions before any such disclosure is made, subject to notice and review by the attorneys of all other parties and, if necessary, by this Court.

8. Identifying information that is deemed confidential may be disclosed if the person identified formally, either under oath or in writing, agrees to waive said confidentiality. Ten (10) days before disclosure of the identity of the person waiving confidentiality, the attorney disclosing such information shall notify counsel for all other parties in writing of the waiver of confidentiality.

9. Counsel is not required to provide notice to the third parties whose information is being disclosed, as this Court presumes that all persons would object to the disclosure of their confidential information even within the strict confines of this litigation but has nevertheless determined that the very limited disclosure of the information under th.is Confidentiality Order is necessary for the determination of the issues in this litigation. Through this Order, this Court is ensuring that the privacy interests of the third parties in their confidential information will remain as intact and respected as possible while at the same time affording the parties to this case the fullest opportunity to bring and defend this action.

10. Upon final adjudication of this action, all Confidential Material subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

11. This Order may be modified by further written stipulation signed by the undersigned attorneys and/ or by further notice of this Court upon application to this Court with notice.

12. Nothing in this Order shall be deemed a waiver of any party's right to object to the discovery or admissibility of documents or information on the basis of relevance, materiality, privilege, over-breadth, or any other recognized objection.

**SO ORDERED**.

Signed: February 6, 2024

David C. Keesler
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

| | |
|---|---|
| /s/Jake W. Stewart<br>Jake Stewart<br>N.C. State Bar No.: 51157<br>CRANFILL SUMNER LLP<br>P.O. Box 30787<br>Charlotte, NC 28230<br>Email: jstewart@cshlaw.com<br>*Attorneys for Defendants Samuel Page, Angie Webster, and Liberty Mutual Insurance* | /s/ Ann C. Rowe<br>Ann C. Rowe<br>N.C. State Bar No.: 26686<br>DAVIS & HAMRICK, L.L.P.<br>P.O. Drawer 20039<br>Winston-Salem, NC 27120-0039<br>Telephone: (336) 725-8385, ext. 116<br>Facsimile: (336)723-8838<br>E-mail: arowe@davisandhamrick.com<br>*Attorney for Defendants Charles Moore and Tammy Guess* |
| /s/ Sean F. Perrin<br>Sean F. Perrin<br>N.C. State Bar No.: 22253<br>Womble Bond Dickinson, LLP<br>301 S. College St., Suite 3500<br>Charlotte, NC 28202<br>Email: sean.perrin@wbd-us.com<br>*Attorney for Defendants Garry L. McFadden, Dwight Dwayne Weller, Tiffany Parker Williams, Akeem Dwayne Comas, Henrietta Saunders, and Platte River Insurance Company* | */s/ Micheal L. Littlejohn Jr.*<br>Micheal L. Littlejohn Jr.<br>N.C. Bar No. 49353<br>Littlejohn Law PLLC<br>PO Box 16661<br>Charlotte, NC 28297<br>Telephone: (704) 322-4581<br>Fax: (704) 625-9396<br>Email: mll@littlejohn-law.com<br>*Counsel for Plaintiffs* |

# EXHIBIT A

I, _____ state:

1. I have read and know the contents of the Protective Order ("Protective Order") dated _____, 2024, and filed in the above-entitled action on _____(date).

2. I am: ☐ Co-counsel; ☐ Staff; ☐ Expert or Consultant; ☐ Staff of Expert or Consultant, in Case No. 3:22-CV-167-RJC-DCK.

3. I am executing this Acknowledgement in order to satisfy the conditions provided in Paragraph 4 of the Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Protective Order.

4. I expressly represent and agree that:

    (a.) I have read and shall be fully bound by the terms of the Protective Order;

    (b.) All such Confidential Matter as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Protective Order;

    (c.) I shall not disclose the contents or subject matter of all such Confidential Matter to anyone, other than in accordance with the Protective Order, at anytime hereafter;

5. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order to be entered as provided in the stipulation.

Dated:_____

_____
SIGNATURE

_____
PRINTED NAME