IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-167-RJC-DCK

| | |
|---|---|
| ADRIANNA ESTHER BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| GARRY L. MCFADDEN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Consent Motion For Release Of Records From NC Department Of Public Safety And For Entry Of Consent Protective Order" (Document No. 67) filed February 6, 2024. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Protective Order as follows.

The parties request that this Court enter a Protective Order authorizing and governing the production of confidential documents, records, material, and information related to the juvenile D.W. and in the possession, custody, and/or control of the North Carolina Department of Public Safety ("NCDPS"), including but not limited to: treatment records related to mental health, developmental disabilities, and substance abuse (i.e.: 42 C.F.R. Part 2 and 45 C.F.R. Parts 160, 164 (HIPPA Privacy Rule)); education records (i.e.: 20 US Code § 1232g (FERPA)); and records which contain private health information which is or may be confidential pursuant to the provisions of the Health Information Portability and Accountability Act ("HIPAA") (codified at 42 U.S.C. § 1320d-d8), 45 C.F.R. Chapter 164E (Privacy of Individually Identifiable Health Information), §

394.4615(1). The parties represent that this Protective Order is necessary to facilitate discovery, including, in particular, but not limited to, the disclosure of records from the NCDPS.

**IT IS, THEREFORE, ORDERED** that:

1. <u>Scope of the Order.</u>  This Order applies to information and documentation produced by NCDPS after entry of this Order and related to the juvenile D.W.

2. <u>Use of NCDPS Confidential Information.</u>  All NCDPS Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action, and shall not be used or disclosed by any person for any other purpose.

3. <u>Disclosure.</u> "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. <u>NCDPS Confidential Information.</u> "NCDPS Confidential Information" consists of: (1) any and all information, documents, and related materials collected, created, and/or maintained by NCDPS, released pursuant to this Order, and related in any way to the juvenile D.W.; (2) "Protected Health Information" as that phrase is defined in 45 C.F.R. §160.103; (3) treatment records related to mental health, developmental disabilities and substance abuse (i.e., 42 C.F.R. Part 2 and 45 C.F.R. Parts 160, 164 (HIPAA Privacy Rule)); (4) education records (i.e., 20 US Code §1232g (FERPA));  and (5) private health information which is or may be confidential pursuant to the provisions of the Health Information Portability and Accountability Act ("HIPAA") (codified at 42 U.S.C. §1320d-d8), 45 C.F.R. Chapter 164E (Privacy of Individually Identifiable Health Information), §394.4615(1).

5. <u>Disclosure of NCDPS Confidential Information.</u>  NCDPS Confidential Information shall not be disclosed to anyone except:

    a. The Court and its personnel;

b. Jurors at any Trial of this matter;

c. The parties to this action and attorneys of record for the parties, and their employees, legal assistants, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners, or employees of the parties who provide material assistance in the legal representation of the parties;

d. A deponent in the action (during a deposition or in preparation therefore) when the NCDPS Confidential Information is materially related to the questions asked to or the testimony of such deponent;

e. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit NCDPS Confidential Information in order to elicit testimony relevant to the matters at issue in this case;

f. Mediators;

g. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in paragraph 6; and

h. Court reporters or videographers, including their transcribers, assistants, and employees, engaged to record depositions, hearings, or the Trial in this action.

6. <u>Confidentiality Agreements.</u>  Before NCDPS Confidential Information is disclosed to any person described in Paragraph 5(g) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that NCDPS Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and

shall obtain from the person to whom the disclosure is to be made a signed copy of the Confidentiality Agreement attached hereto as **Exhibit A**. Counsel for the party disclosing the NCDPS Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon Order of the Court.

7. <u>Designation of NCDPS Confidential Information.</u> Information shall be designated as NCDPS Confidential Information in the following manner:

   a. In the case of information reduced to paper form, the designation shall be made by marking each page of the document "CONFIDENTIAL - NCDPS." Alternatively, when producing a multi-page document, all of which it contends is NCDPS - Confidential Information, a party may designate the entire document as NCDPS - Confidential Information by marking the cover page "CONFIDENTIAL - NCDPS." Alternatively, a party may designate the material as "CONFIDENTIAL - NCDPS" in any accompanying cover letter, memorandum, or discovery response. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information disclosed by another party by a writing directed to the producing party's counsel. The producing party's counsel shall then be responsible for labeling the designated information as provided herein, or otherwise agreed to by the parties.

   b. Information on a computer disk, flash-drive, or other medium that has not been reduced to paper form shall be designated as NCDPS Confidential Information by informing counsel for the parties to this action in writing that the computer disk, flash-drive or other medium contains such NCDPS Confidential

Information and, where applicable, specifying by Bates or other page number the particular information being designated or by such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled using the appropriate marking. Any party receiving NCDPS Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. In the case of deposition testimony, any party may designate information disclosed during a deposition as NCDPS Confidential Information by either identifying on the record at the deposition the information that is to be treated as NCDPS Confidential Information or by marking the portions of the deposition transcript to be designated as NCDPS Confidential Information within 21 days after receipt of the transcript. If any deposition testimony or any document or information used during the course of a deposition is designated as NCDPS Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 7(a), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains NCDPS Confidential Information.

d. Any other information that is not reduced to physical form or cannot be conveniently labeled as such shall be designated as NCDPS Confidential Information by serving a written notification of such designation on counsel for

5

the other parties. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

8. <u>Disputes over Designations.</u> If any part objects to the designation of any information as NCDPS Confidential Information, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the Court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

9. <u>Inadvertent Disclosure of NCDPS Confidential Information.</u> Inadvertent disclosure of NCDPS Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

10. <u>Filing of Confidential Information Under Seal.</u> When filing a document produced pursuant to this Order and marked "NCDPS Confidential Information," the filing party must comply with Local Civil Rule 6.1.

11. <u>Authors/Recipients.</u> Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. <u>Return of NCDPS Confidential Information.</u>  Following the conclusion of this action, including any appeals, a party that produced NCDPS Confidential Information may request in writing its return by any other party.  Within 60 days after service of such a request, any party that received the NCDPS Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph 12 is pending.  If a receiving party elects to destroy the NCDPS Confidential Information rather than returning it to the producing party, the party shall provide to the producing party by the 60-day deadline, upon request by the producing party, a signed Certification that the NCDPS Confidential Information has been destroyed.  This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party.  Any NCDPS Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order.

13. <u>Admissibility of Information.</u>  Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed a waiver of any party's right to object to the discovery or admissibility of documents or information on the basis of relevance, materiality, privilege, over-breadth, or any other recognized objection.

14. <u>Authorization to Release Records.</u>  NCDPS is specifically directed and authorized to release any and all records in its possession, custody and/or control related to the juvenile D.W., including but not limited to treatment records related to mental health, developmental disabilities, and substance abuse (i.e.: 42 C.F.R. Part 2 and 45 C.F.R. Parts 160, 164 (HIPPA Privacy Rule)); education records (i.e.: 20 US Code § 1232g (FERPA)); records which contain private health

7

Case 3:22-cv-00167-RJC-DCK   Document 71   Filed 03/29/24   Page 7 of 10

information which is or may be confidential pursuant to the provisions of the Health Information Portability and Accountability Act ("HIPAA") (codified at 42 U.S.C. § 1320d-d8), 45 C.F.R. Chapter 164E (Privacy of Individually Identifiable Health Information), § 394.4615(1).

15. <u>Modification.</u>  This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to NCDPS Confidential Information as such party may consider appropriate.

**SO ORDERED.**

Signed: March 28, 2024

David C. Keesler
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:

/s/Jake W. Stewart
Jake Stewart
N.C. State Bar No.: 51157
CRANFILL SUMNER LLP
P.O. Box 30787
Charlotte, NC 28230
Email: jstewart@cshlaw.com
*Attorneys for Defendants*
*Samuel Page, Angie Webster,*
*and Liberty Mutual Insurance*

/s/ Sean F. Perrin
Sean F. Perrin
N.C. State Bar No.: 22253
Womble Bond Dickinson, LLP
301 S. College St., Suite 3500
Charlotte, NC 28202
Email: sean.perrin@wbd-us.com
*Attorney for Defendants Garry L.*
*McFadden, Dwight Dwayne Weller,*
*Tiffany Parker Williams, Akeem*
*Dwayne Comas, Henrietta*
*Saunders, and Platte River*
*Insurance Company*

/s/ Ann C. Rowe
Ann C. Rowe
N.C. State Bar No.: 26686
DAVIS & HAMRICK, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039
Telephone: (336) 725-8385, ext. 116
Facsimile: (336)723-8838
E-mail: arowe@davisandhamrick.com
*Attorney for Defendants*
*Charles Moore and Tammy Guess*

*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com
*Counsel for Plaintiffs*

# EXHIBIT A

I, _____, have read and am familiar with the terms of the Consent Protective Order governing the NCDPS Confidential Information produced by NCDPS in case of <u>Blackwell v. McFadden, et. al.</u>, 3:22-CV-167-RJC-DCK, in the Western District of North Carolina, and I agree with the following:

1. To abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order.

2. To not make use of any information obtained, whether in documentary or other form, for purposes other than this litigation.

3. Upon written request, to return to counsel of record or to destroy, not later than 60 days after notification of the termination of this litigation, any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

4. To submit myself to the jurisdiction of the foregoing Court, including its contempt power, for enforcement of said Order.

This the _____ day of _____, 20\_\_.

_____
PRINTED NAME

_____
SIGNATURE